UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>XILIN SUN,<br><br>              Defendant. | Case No.: 24-MJ-1502-BLM<br><br>**ORDER OF DETENTION** |

In accordance with the Bail Reform Act of 1984 (18 U.S.C. § 3141, *et seq*.), a detention hearing was set for May 9, 2024, to determine whether defendant Xilin Sun ("defendant"), should be held in custody without bail pending trial on the grounds that defendant is a flight risk. Assistant United States Attorney P. Kevin Mokhtari appeared on behalf of the United States. Attorney Robert D. Cornforth appeared on behalf of defendant.

Based on the evidence proffered by the United States and defendant, the Pretrial Services report, and the Indictment, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant as required.

## I.    FINDINGS OF FACT

**A.    Nature and Circumstances of the Offense Charged [18 U.S.C. § 3142(g)(1)]**

Defendant is charged by complaint with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Defendant is charged as part of an approximately $1.4

million wire fraud scheme. A 70-year-old victim in this district was contacted by individuals believed to be operating from India. Those individuals then defrauded the victim into making deposits into a Bitcoin ATM and then transfer money to a precious metals dealer for the purchase of bulk gold. In total, the victim was defrauded approximately $1.4 million. The victim then reported the fraud to local police and then the FBI. In February 2024, the victim was once again targeted by the same organization. This time, the victim was told to send additional money for additional gold purchases. In late February 2024, the FBI set up a controlled delivery of fake gold. The victim provided a package of gold to one individual, who then was surveilled delivering the package to a second individual, the defendant. Government agents observed defendant conduct multiple countersurveillance measures before he was ultimately stopped and arrested. Evidence of the offense conduct was also located on defendant's phone. The government also presented photographs of IDs located on defendant's phone, which indicate defendant has access to ID cards in different names and false documents. Defendant was initially charged by the State of California. Defendant was subsequently charged by the federal government. When defendant was arrested on the federal arrest warrant, the FBI seized a second phone from the defendant, which contained additional evidence indicating defendant was continuing to be involved in criminal activity after his first arrest. Lastly, according to the government's proffer, the victims of the international wire fraud scheme are elderly and therefore vulnerable victims.

**B.     Weight of the Evidence Against the Defendant [18 U.S.C. § 3142(g)(2)]**

Although this factor is to be given the least weight, there is probable cause to believe that the defendant committed the charged offense. Moreover, based on the government's proffer, the evidence is very strong against this defendant. Defendant appears to be actively engaged in working in the entire conspiracy and not a peripheral player. This factor weighs in favor of detention.

**C.     History and Characteristics of the Defendant [18 U.S.C. § 3142(g)(3)]**

    **1.     Character:** There was insufficient evidence presented either for or against

detention. This factor will be treated as neutral.

2. **Physical and Mental Condition:** There was insufficient evidence presented either for or against detention. The pre-trial services report indicates there are some physical/mental health conditions. This factor will be treated as neutral.

3. **Family Ties:** Defendant is married and has a wife who resides in the Los Angeles area, but these ties are not sufficient to ensure defendant's appearance in court. Defendant is originally from China and is a naturalized U.S. citizen. In addition, the alleged fraud scheme is also international in nature, and defendant communicates with co-conspirators and could return to China. Defendant thus has significant ties to a foreign country. Balancing the ties to the US with the ties to China, this factor weighs in favor of detention.

4. **Employment:** Defendant does not have any employment ties that would serve as an anchor to this community. Both the government and the defendant proffered that defendant was previously in the U.S. military. Defendant was discharged from the military in approximately December 2023 and does not appear to have any stable employment since then. The conspiracy alleged in the complaint began at least since November 2023 and continued through February 2024. In addition, after defendant's arrest in February 2024, there are indications that defendant continued to engage in criminal activity and to maintain contact with individuals involved in the fraud scheme. This factor weighs in favor of detention.

5. **Financial Resources:** Defendant does not appear to have any financial resources in this community that would reasonably assure his appearance in court. The pre-trial services report states that defendant pays rent, but defendant was unsure as to how much he pays. Defendant further states he supports himself financially from his savings, but currently has no savings and is getting assistance from his parents. This factor weighs in favor of detention.

6. **Length of Residence in the Community:** According to the pre-trial services report, defendant was born in China, where he lived until he was 21, and entered the United

3

States in 2015. Defendant has been residing at an address in the Central District of California since December 2023. Prior to that, defendant lived in the State of Washington. Defendant therefore does not have significant length of residence in this community. This factor weighs in favor of detention.

7. **Community Ties:** This factor implicates considerations that are duplicative of other findings made by the Court in this Order. This factor will be treated as neutral.

8. **Past Conduct:** There was no derogatory information presented regarding defendant's past conduct. This factor is either neutral or weighs in favor of bail.

9. **History Relating to Drug or Alcohol Abuse:** There was no evidence presented that defendant has a history of drug and/or alcohol abuse. This factor weighs in favor of bail.

10. **Criminal History:** There was no evidence presented that defendant has a criminal history. This factor weighs in favor of bail.

11. **Record Concerning Appearance at Court Proceedings and on Probation, Parole, or Other Release:** Defendant was originally charged by the State of California related to the offense conduct charged in this case. Following his arrest in February 2024, defendant's phone was seized. In April 2024, defendant was arrested on federal charges. Incident to that arrest, agents seized defendant's new phone. Evidence from the second phone suggests defendant continued to be involved in criminal conduct, which would be while he was on bond from state charges. In addition, while the defendant did appear for his state court appearance, if convicted, defendant is facing considerably more time on federal charges, and the prosecutor has indicated that additional charges, such as money laundering, could be added, which would increase the exposure even further. This factor weighs strongly in favor of detention.

12. Defendant also proposed GPS monitoring in lieu of detention, but given the factors discussed above, the Court believes that GPS monitor alone or even in combination with other conditions will not reasonably assure the appearance of Defendant as required.

## II. CONCLUSIONS REGARDING DETENTION

Based on consideration of the factors set forth in 18 U.S.C. § 3142(g), the Government has satisfied its burden of demonstrating that the defendant is a significant flight risk and that no condition or combination of conditions will reasonably assure the appearance of defendant at future court proceedings in this case.

### III.   ORDER

IT IS HEREBY ORDERED that defendant be detained pending trial and, if convicted, sentencing in these matters.

IT IS FURTHER ORDERED that defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

This Order is made without prejudice to modification by this Court at a future date.

**IT IS SO ORDERED.**

DATED:  5/14/2024

Honorable Barbara L. Major
United States Magistrate Judge